UNITED STATES DISTRICT COURT
FOR THE NORHTERN DISTRICT OF ILLINOIS

LPS AUTOMATION, LLC,

                Plaintiff,

vs.                                        CASE NO. 1:08-CV-03359

SHEBOYGAN PAPER BOX COMPANY,

                Defendant.

**JOINT REPORT OF THE PARTIES AND
PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(f)**

In accordance with Rule 26(f) of the Federal Rules of Civil Procedure, Plaintiff LPS Automation, LLC ("LPS"), by its attorneys Ariano, Hardy, Nyuli, Johnson, Richmond & Goettel, P.C., and Defendant Sheboygan Paper Box Company ("SPB"), by its attorneys Rohde Dales LLP, conferred on August 4, 2008 regarding the matters below and together provide the following written report.

**I.    NATURE OF THE CASE**

LPS's claim arises out of SPB's purchase of the FastPack Automatic Packaging System ("the System") from LPS. On or about January 4, 2006 SPB issued a purchase order to LPS for the purchase, shipment, and installation of the System for a total price of $130,000.00, which LPS alleges was a price discounted by $45,000.00 from LPS's list price. LPS alleges that, in accordance with the terms of the contract, it constructed the System in part in St. Charles and Elgin, Illinois, met with SPB representatives at Control Link, Inc. in Elgin, Illinois to view the System, and shipped the System from Control Link, Inc. to SPB at its Sheboygan, Wisconsin facility. LPS alleges that SPB inspected and accepted the System at Control Link, Inc. prior to shipment and paid the initial 30% payment in November 2006 prior to its shipment. SPB admits

that it inspected the System, but denies that it made a legal acceptance of the System. LPS alleges that after initial installation of the System, it removed the System to make revisions at its facility and then reinstalled the System at SPB's facility in March 2007. SPB denies the installation of the System was ever completed. LPS alleges that SPB accepted the System by having it installed in its facility and by paying 85% of the purchase price and operating the System with the assistance of LPS until February 2008. In addition to the 30% payment of $39,000.00, SPB made additional payments of 50% of the purchase price and 5% of the purchase prices after various jobs were run on the System at SPB's facility. LPS alleges that after all credits and setoffs, LPS is due the sum of $64,500 and that LPS has demanded payment and that SPB has failed and refused to pay the sums due and owing to LPS.

SPB denies that it legally accepted the System and that there are any sums due and owing to LPS for the System. SPB further asserts the following affirmative defenses to LPS's claim: that LPS's Complaint fails to set forth a claim upon which relief can be granted; LPS's claim is barred by the doctrine of waiver; LPS's claim is barred by the doctrine of estoppel; and LPS's claim is barred due to a failure or want of consideration. LPS denied the allegations and conclusions of law set forth in each of SPB's affirmative defenses. SPB filed a Counterclaim for a rescission of the contract with LPS and a refund of its money it paid to LPS. LPS denies that SPB is entitled to rescission of that contract and a refund of its money paid to LPS.

## II. PROMPT SETTLEMENT OR RESOLUTION

The parties do not anticipate a prompt settlement or resolution of the case.

## III. RULE 26(a)(1) DISCLOSURES

The parties shall make initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by August 22, 2008.

IV. **DISCOVERY PLAN**

    A.    The parties will complete discovery by November 25, 2008.

    B.    The parties do not find it necessary to complete discovery in phases.

    C.    The parties do not find it necessary to limit discovery on particular issues.

    D.    The parties do not anticipate any issues relating to disclosure or discovery of electronically stored information.

    E.    The parties do not anticipate any issues relating to claims of privilege or of protection of trial-preparation material. If any issues do arise, the parties will endeavor to resolve those issues.

    F.    The parties doe not anticipate any need to make changes on the limitations on discovery.

    G.    The parties do not anticipate any need for protective orders.

V. **JOINDER OF OTHER PARTIES AN AMENDMENT OF PLEADINGS**

Any joinder of other parties and any amendment of the pleadings will be completed by August 25, 2008.

VI. **DESIGNATION OF EXPERTS**

    A.    Plaintiff will designate all experts no later than October 1, 2008.

    B.    Defendant will designate all experts no later than November 1, 2008.

    C.    Plaintiff will designate all rebuttal experts no later than November 15, 2008.

VII. **MOTIONS**

The parties propose that the deadline for filing dispositive motions should be December 18, 2008.

## VIII. ESTIMATED LENGTH OF TRIAL

The parties anticipate that the trial will not exceed four days.

## IX. OTHER MATTERS AFFECTING THE SCHEDULING OF THE CASE

The parties are not aware of any other matters that may affect further scheduling of this case for final disposition except for legitimate conflicts of previously scheduled matters on counsel's calendars.

Dated this 7th day of August, 2008

 

_s/ Scott G. Richmond_
Scott G. Richmond, Atty. No.6230123
Attorney for Plaintiff
ARIANO, HARDY, NYULI, JOHNSON,
RICHMOND & GOETTEL, P.C.
2000 McDonald Road, Suite 200
South Elgin, IL
Telephone (847) 695-2400
Facsimile (847) 695-2401
E-mail sgr@attorneys-illinois.com


_s/ William P. Te Winkle_
William P. Te Winkle, Wisc. Bar No. 1013259
Attorney for Defendant
ROHDE DALES LLP
607 North 8th Street, 7th Floor
Sheboygan, WI 53081
Telephone (920) 458-5501
Facsimile (920) 458-5874
E-mail tewinkle@rohdedales.com